JAMES CHARLES, PLAINTIFF IN ERROR, V. WILLIAM H. ASHBY, DEFENDANT IN ERROR.

Error: JUDGMENT AGAINST EVIDENCE. Where the only questions presented to a reviewing court for determination are questions of fact, the judgment will be affirmed, unless it is clear that it is against the weight of evidence.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

O. P. Mason, for plaintiff in error.

William H. Ashby, pro se.

MAXWELL, J.

This action is brought by the plaintiff against the defendant, who is an attorney at law, to recover from him the sum of $1,528, alleged to have been obtained by fraud and misrepresentation. The court below found in favor of the defendant, and dismissed the action. The plaintiff brings the cause into this court by petition in error.

It appears from the record that in April, 1879, the plaintiff was in possession of a farm in Gage county, but the manner in which he derived title, and the length of time he had resided on the premises, do not appear, except from inference. It is to be inferred that he purchased the

land from one Loomis, giving him a mortgage on the premises which was not recorded, and that Loomis was indebted in a considerable amount, and judgments had been rendered against him which were liens upon the premises; that in a sale on execution on one of the judgments, on which there was due about the sum of $400, the premises had been sold to L. W. Colby, and the sale thereafter confirmed and a deed made. The proof shows that in April, 1879, Colby commenced an action of ejectment against the plaintiff to recover possession of the premises; that the plaintiff thereupon employed the defendant to look the matter up and make a defense, giving him a retainer fee of $10; that defendant discovered a judgment for the sum of $1100, which was a lien on said premises prior to the lien of the judgment under which Colby derived title. This judgment the plaintiff, under the defendant's advice, purchased for the sum of $400, and an execution was issued thereon, and the premises sold thereunder, and were purchased by the defendant. Before this sale the plaintiff and his wife had conveyed to the defendant for the purpose of enabling him to perfect the title to the premises, and it was agreed the defendant should perfect the title, and have one-half of the premises as compensation; that is, he should convey one-half of the land by a good and sufficient deed to the plaintiff, and retain the remainder.

Sometime after the agreement was made the defendant proposed to the plaintiff to convey the entire premises to him by a good and sufficient deed, provided he would pay him the sum of $750. This he agreed to do. The proof shows the land was worth from $2,000 to $2,400. The defendant obtained a quit claim deed from Colby for the premises in question, and in January, 1880, conveyed the land to the plaintiff, who then completed the payment of the $750, consideration. In March, 1880, Colby commenced certain actions against the plaintiff to recover $500, the consideration for the deed made to Ashby. This suit

the plaintiff settled by paying Colby the amount claimed. He thereupon brought an action against Ashby to recover the $500 paid to Colby, the $400 paid for the judgment heretofore mentioned, and for costs, taxes, and expenses, amounting in the aggregate to the sum claimed.   There is no question of law involved in the case, the matter for determination relating solely to the facts.   It is sought on the part of the plaintiff to ignore the contract made by him with the defendant for the services rendered, which are placed at the sum of $150.  The contract is clearly proved, and we see no reason for disturbing it.   In regard to the Colby claim the defendant testifies that Colby was to receive nothing, while Colby testifies that he was to be paid $500.   Whatever the facts may be as between Colby and Ashby, the record fails to show a liability on the part of the plaintiff to Colby.  In other words, the payment, so far as appears, was purely voluntary.  Had he been compelled to pay this sum to protect his property, or did the proof show a legal liability on his part to pay the debt, there would be no doubt of his right to recover.

But the burden of proof is on the plaintiff, and he has failed in both of these particulars.   The testimony fails to show that the defendant was to pay the $400 for the judgment for $1100 which was purchased, and the fact that the plaintiff in January, 1880, and long after the purchase of the judgment, paid to the defendant the remainder of the $750, without making any claim for this $400 or the costs, shows that at that time he did not regard the defendant as liable.   The plaintiff, whether knowingly or not, seems to have purchased encumbered real estate, and in his anxiety to free the title from the encumbrance seems to have made bargains in relation to the same without any great degree of care or certainty.   Upon the whole case, as it does not appear that the court erred in dismissing it, the judgment must be affirmed.

JUDGMENT AFFIRMED.